IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNIVERSITY MALL, LLC                                              PLAINTIFF

V.                                        CIVIL ACTION NO. 2:24-CV-91-KS-MTP

IKECHUKWU OKORIE, ROYAL
OAKS RENTAL PROPERTIES,
LLC, AND INLAND FAMILY                                           DEFENDANTS
PRACTICE, LLC


<u>**ORDER**</u>

Before the Court is the Amended Complaint for Unlawful Entry and Detainer filed by

Plaintiff University Mall, LLC ("University Mall") pursuant to Miss. Code Ann. § 11-25-101, *et*

*seq*. *See* [1-2] at 9. Also pending are the Motion to Dismiss [2] filed by *pro se* Defendant Dr.

Ikechukwu Okorie, Defendant Okorie's Motion for Temporary Restraining Order and

Preliminary Injunction [5], and Plaintiff's Motion to Consolidate Preliminary Injunction Hearing

with Trial on the Merits [12].

Defendant Okorie removed this action from the County Court of Forrest County,

Mississippi, on his behalf and on behalf of other Defendants, Royal Oaks Rental Properties, LLC

("Royal Oaks"), and Inland Family Practice, LLC ("Inland Family"). *See* [1]. Having held an

evidentiary hearing, the Court finds that judgment should be granted in Plaintiff's favor. In sum,

the Court finds that Defendants have unlawfully withheld and deprived Plaintiff of possession of

its property at 3700 Hardy Street, Hattiesburg, Mississippi ("3700 Hardy Street"), after Plaintiff

bought 3700 Hardy Street at a foreclosure sale on March 28, 2024. Accordingly, the Court

hereby grants Plaintiff a judgment for possession of 3700 Hardy Street, with costs and back rent,

as well as a writ of *habere facias possessionem*.  *See* Miss. Code Ann. § 11-25-113 (regarding judgment for plaintiff and enforcement).  It follows that Plaintiff's Motion to Consolidate Preliminary Injunction Hearing with Trial on the Merits [12] is granted, and Defendant Okorie's Motion to Dismiss [2] is denied.  For reasons stated on the record during the hearing of this matter, Defendant Okorie's Motion for TRO and Preliminary Injunction [5] is denied.

I.    FACTUAL BACKGROUND

A bit of background on the parties will aid in the consideration of this case.  As mentioned previously, Plaintiff University Mall bought the subject property, 3700 Hardy Street, at a foreclosure sale on March 28, 2024.  Several years prior to the foreclosure, in December 2011, Defendant Royal Oaks acquired 3700 Hardy Street.  [115-1].  Defendant Okorie, a medical doctor, and his wife formed Defendant Royal Oaks to own and manage various real properties they bought.  *In re Okorie*, No. 19-50379-KMS, 2023 WL 7311173, *3 (Bankr. S.D. Miss. Nov. 6, 2023)(setting forth detailed facts and history of the case), *aff'd*, No. 24-60255, 2024 WL 4471734 (5th Cir. Oct. 11, 2024).  Defendant Okorie owns and operates Defendant Inland Family, which does business as St. Michael's Urgent Care of Hattiesburg, a medical clinic located in 3700 Hardy Street.  *Id.* at *5.

On June 20, 2018, Defendant Royal Oaks borrowed money from Citizens Bank, using 3700 Hardy Street as collateral, and granted a Deed of Trust to Citizens Bank.[1]  [115-2].  Thereafter, in January 2019, Defendant Royal Oaks granted a warranty deed to Defendant Okorie for 3700 Hardy Street.  [115-3].  In February 2019, Defendant Okorie filed his individual petition for bankruptcy relief, which is still pending as of the date of this decision. *See In re*

---

[1] Mrs. Okorie resigned as a member and manager of Royal Oaks on June 4, 2018.  *In re Okorie*, No. 19-50379-KMS, 2023 WL 7311173, *5 (Bankr. S.D. Miss. Nov. 6, 2023), *aff'd*, No. 24-60255, 2024 WL 4471734 (5th Cir. Oct. 11, 2024).

*Okorie*, No. 19-50379-KMS (Bankr. S.D. Miss.).  Based on the January 2019 warranty deed and another quitclaim deed issued by Royal Oaks to Defendant Okorie in December 2023 (without the consent of Citizens Bank), Okorie asserts that he owns 3700 Hardy Street.  *See* [115-3], [115-10].  In short, Defendant Okorie steadfastly declines to acknowledge multiple events emanating from his February 2019 bankruptcy filing that impacted legal possessory interest in 3700 Hardy Street, ultimately leading to the March 2024 foreclosure sale by Citizens Bank.  As such, Okorie refuses to relinquish possession of the property to Plaintiff University Mall, which prompted Plaintiff to file this action.

II.    <u>PROCEDURAL BACKGROUND AND JURISDICTION</u>

Because "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits," the Court first examines the basis of its subject matter jurisdiction.  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-549 (5th Cir. Unit A Dec. 1981).  "[W]here an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction."  *Id.* at 549.

Defendant Okorie removed this action on June 25, 2024, claiming federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. Although Defendant Okorie alleges federal question jurisdiction based on various federal statutes related to consumer lending, the Court finds that there is no federal question statutory jurisdiction because the loans at issue were commercial loans.[2]  There is also no evidence that Okorie's 14th Amendment due process rights

---

[2] Even though Defendant Okorie alleges subject matter jurisdiction based on several federal consumer protection statutes, that contention is without merit in this matter that traces its origins back to a commercial loan. *See Pearson v. JP Morgan Chase Bank, N.A.*, No. 4:18cv627, 2019 WL 2057223 (E.D. Tex. May 9, 2019)(observing that the Real Estate Settlement Procedures Act "'does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes. . . .'")(quoting 12 U.S.C. § 2606(a)(1)); *Hall v. Phenix Investigations*, 642 F. App'x 402, 405 (5th Cir. 2016)(finding that the Fair Debt Collection Practices Act does not apply to commercial debt collection practices); *Poe v. First Nat'l Bank*, 597 F.2d 895, 896 (5th Cir. 1970)(finding that the Truth-in-Lending Act does not apply to commercial transactions).  Okorie also fails to meet the criteria for a RICO private right of action, another asserted basis for jurisdiction. *See Bridge v. Phoenix Bond*, 553 U.S. 639, 647 (2008).

were violated by the foreclosure sale[3] of 3700 Hardy Street.[4]

Defendant Okorie also invokes diversity jurisdiction based on 28 U.S.C. § 1332.  "For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000."  *Escareno v. Stylecraft Home Collection, Inc.*, No. 3:24cv450-BN, 2024 WL 1810480 (N.D. Tex. Apr. 25, 2024).  As an initial matter, the $75,000 threshold for the amount in controversy is exceeded in this case because 3700 Hardy Street sold at foreclosure for just over 1.3 million dollars.  [115-15].

The Court now turns to the question of citizenship.  "For natural persons, § 1332 citizenship is determined by domicile, which requires residence plus an intent to make the place of residence one's permanent home."  *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).  Although formerly a Mississippi resident, Okorie removed this action and represents to the Court that he is a Texas resident.  [1] at 1.  In his filings and during hearings before he Court, Defendant Okorie has asserted that he now lives and works in Texas.  Thus, the Court concludes that Defendant Okorie is domiciled in Texas.

Because an LLC's citizenship "is determined by the citizenship of all of its members," the Court must examine the citizenship of the members of the LLCs.  *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).  Plaintiff is a Mississippi Limited Liability

---

[3] Defendant Okorie also attacks the foreclosure sale in another ongoing proceeding before this court, *Okorie v. Foxworth, et al.*, Civil Action No. 2:24cv35-TBM-RPM.  This Court has denied Defendant Okorie's motion to consolidate the present action with No. 2:24cv35-TBM-RPM, and, likewise, the Court has denied Okorie's motion to consolidate in No. 2:24cv35-TBM-RPM.

[4] Okorie fails to show that his 14th Amendment due process rights were violated related to the foreclosure sale.  *See, e.g., In re Okorie*, No. 19-50379-KMS, 2023 WL 7311173 (Bankr. S.D. Miss. Nov. 6, 2023), *aff'd*, No. 24-60255, 2024 WL 4471734 (5th Cir. Oct. 11, 2024); Order [13] at 2, *Okorie v. Citizens Bank*, No. 2:24cv35-TBM-RPM (S.D. Miss. Apr. 5, 2024)(upheld on appeal; *id.* at [53], [58]); *Okorie v. Citizens Fin. Grp., Inc.*, No. 2:23cv100-TBM-RPM, 2023 WL 6214032, at *1 (S.D. Miss. July 20, 2023), *appeal dismissed sub nom., Matter of Okorie*, No. 23-60505, 2023 WL 10416030 (5th Cir. Nov. 15, 2023).

Company, and, based on the filings and testimony at the evidentiary hearing, its members are domiciled in Mississippi.  [1-2] at 9.

In his Notice of Removal, Defendant Okorie asserts that Royal Oaks and Inland Family are Mississippi Limited Liability Companies.  *Id.*  According to the Mississippi Secretary of State's web site, Defendant Okorie is listed as the registered agent and sole officer of Royal Oaks,[5] as well as the registered agent, sole manager, and member of Inland Family.  *See* https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx#  (last visited Nov. 7. 2024).[6]  Thus, because Okorie is the sole member of both Royal Oaks and Inland Family, his Texas domicile carries over to his LLCs.  *See Harvey*, 542 F.3d at 180.

An added wrinkle in this analysis is that both Royal Oaks and Inland Family are now administratively dissolved.  As of September 18, 2024, Defendant Okorie asserted that Royal Oaks has been dissolved since September 5, 2022, nearly two years prior to his removal of this action.  [94]; [94-1].  Moreover, according to the web site of the Mississippi Secretary of State, Inland Family Practice Center, LLC filed a Notice to Dissolve/Revoke on September 7, 2021.  *See* https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx# (last visited Nov. 7. 2024) (Notice to Dissolve/Revoke).  The Mississippi Secretary of State administratively dissolved Inland Family on November 29, 2021.  *Id.*[7]

---

[5] After his wife's resignation in 2018, Defendant Okorie is the only member of Royal Oaks.  *See In re Okorie*, 2023 WL 7311173, at *8.

[6] *See, e.g.*, Fed. R. Evid. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned.).

[7] The Court observes that while Okorie admits that Royal Oaks is dissolved, *see* Notice of Dissolution [94] (filed 9/18/24), he has not made the same admission regarding Inland Family.  What is more, in his Response [138] to the Motion to Strike Answer and Affirmative Defenses and Request for Clarification of Claims, filed on November 5, 2024, he requested additional time to secure counsel for Inland Family.  *See* [138] at 3-4.  By separate Order, the Court has denied that motion, as Defendant has been on notice for over seven years that he cannot represent his LLCs in court.

Subsequent to the hearing, Defendant Okorie asserted that the dissolution of Royal Oaks prevents it from having legal standing to be sued or defend actions in its name. *See* [138] at 3.[8] To the contrary, even if Royal Oaks and Inland Family are dissolved, the administrative dissolution of LLCs does not "impair the validity" of their contracts or prevent LLCs from defending legal actions. Miss. Code Ann. § 79-29-831(2) (2011). "Under Mississippi law, an LLC that has been administratively dissolved continues to exist but may not carry on any business beyond what is necessary for liquidation and to notify those who may have claims against it." *In re Netterville*, No. 19-10710-SDM, 2019 WL 3934642, at *3 (Bankr. N.D. Miss. July 24, 2019)(citing Miss. Code. Ann. § 79-29-831). Moreover, dissolution of an LLC does not automatically transfer title to shareholders as a matter of course. *Id.* (citing Miss. Code Ann. § 79-29-803). Thus, it appears that Royal Oaks and Inland Family still exist as entities that may defend claims in this action.

And because the LLCs were unserved at removal, and their Texan citizenship would not defeat diversity jurisdiction, they need not have joined in the removal petition. *See Getty Oil Corp v. Ins. Co. of N.A.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988)("Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it."). Plaintiff has since served Defendants Okorie, Royal Oaks, and Inland Family pursuant to Fed. R. Civ. P. 4(e)(1) and Rule 106(a) of the Texas Rules of Civil Procedure, as Okorie claims Texas residency and domicile. *See* Order [79]; Executed Summons [89], [90], and [91].

At this juncture, however, Royal Oaks and Inland Family are without counsel and have not answered. Defendant Okorie attempted to file an Answer on behalf of Royal Oaks and

---

[8] Defendant Okorie questions the "inclusion" of Royal Oaks and Inland Family as Defendants in this action because he "owns the real estate subject to this unlawful detainer case" and "these entities appear to be unrelated to the property's ownership or any alleged detainer issue." [138] at 2-3.

Inland Family, but the Court has granted Plaintiff's Motion to Strike.  *See* Answer [129]; Order
[147] entered this date.  Defendant Okorie has been on notice for several years that he cannot
represent LLCs, such as Royal Oaks and Inland Family, because he is not a licensed, practicing
attorney in this or any other court.  *See Donovan v. Road Rangers Country Junction, Inc.*, 736
F.2d 1004, 1005 (5th Cir. 1984); *see also* Orders [135-1], [135-2](orders entered in other actions
specifically advising Okorie that he cannot represent Inland Family and St. Michael's Urgent
Care of Hattiesburg, LLC because he is not a licensed attorney).  And the Court has interpreted
Defendant Okorie's Request for Clarification [138], with its demand for an extension to find
counsel for Inland Family, as yet another attempt by him to delay proceedings.  *See* Order [147].

Nevertheless, this state of affairs does not prevent the Court from addressing the merits of
this case.  In Plaintiff's Motion to Strike Answer, it urges the Court to enter default judgments
against Royal Oaks and Inland Family, or, alternatively, to rule on the merits.  [135] at 2.
Considering that "substantial time and resources have already been expended in the process of
litigation," a "trial on the merits" is preferred to the "drastic remedy" of a default judgment
against Royal Oaks and Inland Family.  *See EEOC v. Stone Pony Pizza, Inc.*, No. 4:13cv92-SA-
JMV, 2016 WL 4532135 (N.D. Miss. Aug. 29, 2016).  With that in mind, this Court "sits as a
state court and has authority to adjudicate this controversy between citizens of diverse states."
*OMP v. Security Pacific Bus. Fin., Inc.*, No. WC86-132-GD-D, 1986 WL 28914 (N.D. Miss.
Nov. 17, 1986)(Mississippi unlawful entry and detainer action brought in federal court).

III.    LEGAL STANDARDS

Plaintiff initially filed this action in the County Court of Forrest County, Mississippi,
pursuant to the Mississippi statute for unlawful entry and detainer, which provides another
method of legal eviction for someone deprived of the possession of property that is rightfully

theirs. *See* Miss. Code Ann. § 11-25-101. As Defendant Okorie removed this action based, *inter alia*, on diversity jurisdiction, the Court looks to Mississippi state courts for guidance in interpreting Section 11-25-101. The statute provides, in relevant part, that:

> [a]nyone deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, . . . or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed.

Miss. Code Ann. § 11-25-101 (2024).

This type of action constitutes "an eviction proceeding, not an equity proceeding regarding the validity of the foreclosure or ownership of the property." *Harvey v. Federal Nat'l Mortg. Assoc.*, 200 So. 3d 461, 465 (Miss. Ct. App. 2016). "An action for unlawful entry and detainer is meant to be a summary remedy. It exists to provide a party the ability to obtain possession of a piece of property when another party withholds possession after his claim of right has expired." *Gandy v. Citicorp*, 985 So. 2d 371, 373 (Miss. Ct. App. 2008). While actions pursuant to Mississippi's unlawful entry and detainer statutes are not common in Mississippi federal courts, they have occurred pursuant to diversity jurisdiction. *See OMP*, 1986 WL 28914.

Under Mississippi law, an action under this statute does not prevent the filing of a separate action to determine ownership in chancery court, which has jurisdiction over matters involving property.[9] *Gandy*, 985 So. 2d at 373. And while an unlawful entry and detainer action does not adjudicate title, "[o]ften, however, the right and extent of possession is determined by

---

[9] Indeed, Defendant Okorie filed a quiet title action in Forrest County Chancery Court, which ruled against him, and whose ruling was upheld by the Mississippi Supreme Court. *See Okorie v. Citizen Bank*, Civil Action No. 23-cv-509-SM, (Forrest County Chancery Court Jan. 25, 2024), *aff'd*, No. 2024-CP-00166 (Miss. Aug. 1, 2024)(Order [29-1])

title deeds," and "such deeds are often admissible for the purpose of possession." *McCallum v. Gavin*, 116 So. 94, 95 (Miss. 1928).

IV.    <u>FINDINGS OF FACT</u>

Okorie asserts that he is the owner of the 3700 Hardy Street by virtue of a January 16, 2019 Warranty Deed in which Royal Oaks assigned the property to him. [44] at 2, ¶ VI. He has also argued that he is the owner of the property based on a December 2023 quitclaim deed issued by Royal Oaks to him. [115-10]. Based on the evidence presented at the evidentiary hearing and the record of the case, the Court finds that Plaintiff established the following facts:

1. Royal Oaks acquired 3700 Hardy Street by warranty deed on December 6, 2011. *See* [115-1].

2. On June 20, 2018, Royal Oaks borrowed $1,201,345.00 from Citizens Bank and granted Citizens Bank a Deed of Trust to 3700 Hardy Street to secure the debt. [115-2].

3. On January 16, 2019, Royal Oaks granted a warranty deed to Okorie for 3700 Hardy Street. *See* [115-3].

4. By order entered by the Bankruptcy Court on May 17, 2021, 3700 Hardy Street was abandoned from Okorie's individual Chapter 7 bankruptcy estate. *In re Okorie*, 2023 WL 7311173, at *8.

5. On June 3, 2021, Okorie and Citizens Bank entered into a reaffirmation agreement that restructured and combined the real property loan with an equipment loan guaranteed by Okorie. *Id.*; [115-5].

6. On August 24, 2021, Okorie granted a warranty deed for 3700 Hardy Street back to Royal Oaks. [115-6].

7. On September 21, 2021, Royal Oaks executed a Promissory Note in favor of Citizens Bank in the principal amount of $1,515,461.56, secured by a Deed of Trust for 3700 Hardy Street.  [115-7].

8. On September 21, 2021, Royal Oaks granted a Deed of Trust ("September 2021 Deed of Trust") to Citizens Bank with Andrew Foxworth as Trustee ("Trustee Foxworth") to secure the debt of $1,515,461.56, which was characterized as a "renewal and extension" of previous debt dating back to June 20, 2018.  [115-7], [115-8].

9. The September 2021 Deed of Trust contained a "Due on Sale" provision in which the Lender could "declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part the Real Property [3700 Hardy Street], or any Interest in the Real Property." [115-8] at 4.

10. The September 2021 Deed of Trust provided, *inter alia*, that if the grantor was a limited liability company, the term "transfer," as used in the Deed of Trust, also specifically included "any restructuring of the legal entity (whether by merger, division or otherwise) or any change in ownership of more than twenty-five (25%) of the . . . limited liability company interests. . . ." *Id.*

11. As a part of the September 2021 Deed of Trust, Royal Oaks agreed to pay all taxes on the property.  *Id.*

12. The September 2021 Deed of Trust contained various "Events of Default," which included failure to make payment, failure to "comply with or to perform any other term . . . in this Deed of Trust. . . ," as well as failure to pay taxes.  *Id.* at 7.

13. On February 2, 2022, the 2021 Ad valorem taxes became delinquent.  [115-16] at 2.

14. On November 28, 2022, the Mississippi Secretary of State dissolved Royal Oaks. [115-9].

15. On February 2, 2023, the 2022 Ad valorem taxes on the property became delinquent. [115-16] at 1.

16. "Following the reaffirmation agreement and execution of new loan documents, Okorie failed to timely make loan payments, and on or about June 7, 2023, Citizens Bank initiated foreclosure proceedings" on 3700 Hardy Street.  [115-11] at 2 (Order, *Okorie v. Citizen Bank*, Civil Action No. 23-cv-509-SM, (Forrest County Chancery Court Jan. 25, 2024), *aff'd*, No. 2024-CP-00166 (Miss. Aug. 1, 2024)(Order [29-1]).

17. On July 14, 2023, the Bankruptcy Court denied Defendant Okorie's motion to stay foreclosure of 3700 Hardy Street.  Order [647], *In re Okorie*, No. 19-50379 (S.D. Miss. Bankr. July 14, 2023).

18. On November 6, 2023, the Bankruptcy Court overruled Defendant Okorie's objection to Citizens Bank's claim against him for $1,407,571.72 in his Chapter 7 proceeding. Order [932], *In re Okorie*, No. 19-50379 (S.D. Miss. Bankr. Nov. 6, 2023), *aff'd*, Civil Action No. 2:23cv100-TBM-RPM (S.D. Miss. July 20, 2023)(Order [7]), *aff'd*, Appeal No. 23-60505 (5th Cir. Dec. 7, 2023).

19. On December 12, 2023, Royal Oaks granted a quitclaim deed to Defendant Okorie for 3700 Hardy Street.  [115-10].

20. On January 25, 2024, in Okorie's action to quiet title filed in the Chancery Court of Forrest County, the court concluded that "title to [3700 Hardy Street] is validly in the name of Royal Oaks and that Citizens Bank and Wells Fargo Bank have valid encumbrances against [3700 Hardy Street]."  [115-11] at 8 ((Order, *Okorie v. Citizen*

*Bank*, Civil Action No. 23-cv-509-SM, (Forrest County Chancery Court Jan. 25, 2024), *aff'd*, No. 2024-CP-00166 (Miss. Aug. 1, 2024)(Order [29-1])).

21. On February 3, 2024, 2023 Ad valorem taxes on 3700 Hardy Street became delinquent. [115-16] at 1.

22. Trustee Foxworth, acting as trustee on the September 2021 Deed of Trust, sent Okorie and Royal Oaks a letter on February 21, 2024, detailing how they had violated the terms of the deeds of trust, as follows:

(a) Okorie failed to timely pay his note obligations; and

(b) Royal Oaks transferred the property without the consent of Citizens Bank.

[115-22] at 6. The February 21 letter advised Okorie and Royal Oaks of the method to satisfy the debt so they could avoid foreclosure. *Id.*

23. Trustee Foxworth's February 21, 2024, letter also notified Okorie and Royal Oaks of the foreclosure sale scheduled for March 28, 2024 and contained a Trustee's Notice of Sale. *Id.* at 6, 8-9.

24. The Trustee's Notice of Sale was duly posted at the Forrest County Chancery Courthouse on February 26, 2024, and the Notice of Sale ran weekly for four weeks beginning March 6, 2024, in the Hattiesburg American, the newspaper of general circulation in Forrest County. [115-12], [115-13], [115-15] at 6-7.

25. Trustee Foxworth testified at the September 23, 2024, court hearing that he knew of no attempts by Okorie to satisfy the debt prior to the foreclosure sale.

26. On March 28, 2024, Trustee Foxworth conducted a foreclosure sale in which Plaintiff University Mall, LLC, was the highest bidder. [115-23] at 2-3. Plaintiff University Mall paid $1,300,001.00 for 3700 Hardy Street. [115-14].

27. On March 28, 2024, Trustee Foxworth issued a Trustee's Deed to University Mall for 3700 Hardy Street that was filed with the Forrest County Chancery Clerk on April 4, 2024.  [115-15].

28. On April 1, 2024, Plaintiff University Mall paid $73,309.65 for 3700 Hardy Street's past due taxes for 2021, 2022, and 2023.  [115-16], [115-17].  Eric James, a member of University Mall, testified at the September 23 hearing that Defendants Okorie, Royal Oaks, and Inland Family have never offered to reimburse University Mall for the payment of taxes.

29. Mr. James testified at the September 23 hearing that Defendant Okorie has refused to surrender 3700 Hardy Street to University Mall since the sale.

30. Mr. James testified at the September 23 hearing that the rental value for the property is approximately $9,800 to $10,000 per month.

31. On April 5, 2024, this Court denied Okorie's motion seeking a temporary restraining order or preliminary injunction to set aside the foreclosure in *Okorie v. Citizens Bank, et al.*, Civil Action No. 2:24cv35-TBM-RPM.  *See* [115-19] (Order).

32. On May 23, 2024, Trustee Foxworth issued a corrected Trustee's Deed to University Mall that corrected a scrivener's error to state that the September 2021 Deed of Trust for the property was filed with the Chancery Clerk of Forrest County, not the Chancery Clerk of Marion County, as indicated in the March 28 Trustee's Deed.  *See* ¶ 28 *supra.*

33. On August 1, 2024, the Mississippi Supreme Court issued an order dismissing Okorie's appeal and affirming the Forrest County Chancery Court's grant of summary judgment against Okorie in his quiet title action against Citizens Bank,

Andrew Foxworth, and Wells Fargo Bank in Civil Action No. 23-cv-509-SM. [115-21](Appeal No. 2024-CP-00166). The court concluded that "a subsequent foreclosure sale divested [Okorie] of all legal and equitable interest in the foreclosed property. . . . So he cannot maintain a quiet-title suit." *Id.* at 2.

34. As of September 23, 2024, the date of the hearing in this matter, Okorie continued to possess the property and refused to surrender it to University Mall.

35. On October 31, 2024, in Okorie's Appeal No. 2024-CP-00462 against Citizens Bank, the Mississippi Supreme Court denied Okorie's Motion to Stay any Eviction Pending Appeal. *See Okorie v. Citizens Bank*, (Miss. Oct. 31, 2024) (appeal of Civil Action No. 24-cv-141-SM from the Chancery Court of Forrest County, which held that the action should be dismissed based on *res judicata* as a collateral attack on the Chancery Court's prior ruling in Cause No. 23-cv-509, which Okorie appealed in Appeal No. 2024-CP-00166). *See* https://courts.ms.gov/appellatecourts/docket/sendPDF.php?f=700_692980.pdf&c=97900&a=N&s=2 (last visited Nov. 19, 2024).

V.    DISCUSSION

Considering the foregoing facts, Okorie's contention that he is entitled to possession of 3700 Hardy Street ignores the governing law and events that have transpired since Royal Oaks granted Okorie a warranty deed to 3700 Hardy Street in January 2019. Contrary to Okorie's arguments, under Mississippi law, if a mortgagor defaults on a loan or deed of trust, "the mortgagee gains title and right to possession." *Moore v. Marathon Asset Mgmt., LLC*, 973 So. 2d 1017, 1021 (Miss. Ct. App. 2008).

Based on Okorie's September 2021 Deed of Trust with Citizens Bank that restructured

14

his debt with the bank, the evidence demonstrates that Okorie and Royal Oaks failed to make timely payments on the loan secured by 3700 Hardy Street, and they failed to pay taxes for the years 2021, 2022, and 2023.  Royal Oaks, furthermore, attempted to convey the property to Okorie without Citizens Bank's consent.  Royal Oaks also dissolved as a corporate entity on November 28, 2022.  All of these actions were contrary to the terms of the September 2021 Deed of Trust between Royal Oaks and Citizens Bank, and they triggered the deed's "Due on Sale" and default provisions.  [115-8].  Pursuant to Mississippi law, these defaults shifted title and the right of possession to Defendant Citizens Bank.  *Moore*, 973 So. 2d at 1021.  Moreover, Okorie and Royal Oaks failed to prevent foreclosure by paying the loan balance prior to the foreclosure sale.  Consistent with its rights under the September 2021 Deed of Trust, Citizens Bank foreclosed on the property, at which time Plaintiff University Mall bought 3700 Hardy Street.

Thus, tracing the right of possession for 3700 Hardy Street through the deeds presented to the Court, witness testimony, and evidence of the March 28, 2024, foreclosure sale, the Court finds that Plaintiff University Mall is entitled to possession of the property under Mississippi Code Annotated § 11-24-101, *et seq*.  Put another way, as of March 28, 2024, Defendants' "claim of right [to 3700 Hardy Street] expired."  *Gandy*, 985 So. 2d at 373.  Although the Court has relied on title deeds and other evidence to reach this decision, the Court stresses that it has not adjudicated title.  *See McCallum*, 116 So. at 95 (finding that often "the right and extent of possession is determined by title deeds," and "such deeds are often admissible for the purpose of possession.").  Accordingly, Plaintiff University Mall has established that it, not Defendant Okorie, not Defendant Royal Oaks, and not Defendant Inland Family, is entitled to possession of 3700 Hardy Street.

Plaintiff University Mall also demands reasonable compensation for the use and

occupancy of 3700 Hardy Street from all Defendants, jointly and severally.  Pursuant to

Mississippi statutory law, Plaintiff University Mall may seek "any amount due for arrears of rent

on the land of which possession is sought, or a reasonable compensation for the use and

occupation thereof. . . ."  Miss. Code Ann. § 11-25-111.  Based on unrebutted evidence presented

at the hearing, Plaintiff University Mall is entitled to rent from Defendants in the amount of

$9,800 per month, dating from the foreclosure sale on March 28, 2024, to the date of this Order.

VI.     CONCLUSION

Accordingly, for the reasons stated above, the Court finds that Defendants Okorie, Royal

Oaks, and Inland Family have unlawfully withheld and deprived Plaintiff of possession of its

property, 3700 Hardy Street, after Plaintiff bought 3700 Hardy Street at a foreclosure sale on

March 28, 2024.  The Court hereby grants Plaintiff University Mall a judgment for possession of

3700 Hardy Street, with costs, and with back rent as described *supra*, as well as a writ of *habere

facias possessionem.*  Plaintiff is directed to submit to the Court a proposed writ of *habere facias

possessionem*, "which shall not issue within five days from the date of judgment."  *See* Miss.

Code Ann. § 11-25-113.  The Court advises Defendants that the "judge may . . . enforce the

judgment and may punish for contempt of process thereon."  *Id.*  Pursuant to Rule 58 of the

Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this 21st day of November, 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE